**SO ORDERED.**

**SIGNED this 03 day of May, 2010.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

JOSEPH D. ALLEN and                    CASE NO.  09-08310-8-JRL
PANTEA S. ALLEN,                                    Chapter 7

      DEBTORS.

## ORDER

This case is before the court on the motion of the Bankruptcy Administrator under 11 U.S.C. § 707(b) to dismiss the debtors' Chapter 7 case or convert to Chapter 13. A hearing was held in Raleigh, North Carolina on April 6, 2010.

The debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on September 25, 2009. Their debts are primarily consumer debts, which includes $182,095.38 of non-priority unsecured debt. They have two children, and they are both employed full-time. On Schedule I, the male debtor indicates that he is employed by IBM, with gross monthly wages of $4,761.00, and deductions of $1418.14. The female debtor states that she is an employee of SAS, receives a gross monthly wage of $4,336.93, and takes deductions totaling $1190.19. On form B22A, the debtors state that their combined monthly income for purposes of the means test calculation is $9,238.40. Based on these calculations, the debtors assert that they cannot pay 25% or more of their unsecured debt in a Chapter 13 plan, and thus that they are eligible for

Chapter 7.

The Bankruptcy Administrator ("BA") filed the motion to dismiss or convert based on two improper deductions on the debtors' means test calculation. First, the BA objects to the debtors' deduction of daycare expenses in the amount of $720.00 per month because the female debtor's employer reimburses the entire amount of the daycare expense.[1] Second, the BA objects to the inclusion of $390.17 in repayment of retirement loans as an "involuntary deduction" citing In re Ethington, 2009 WL1751431 (Bankr. E.D.N.C. 2009), to support his assertion that the repayment of a retirement loan is not an involuntary deduction for purposes of the means test. Under the BA's calculations, the debtors' projected disposable income over a sixty-month period is $75,234.00, which would provide unsecured creditors with a dividend of 41% in a Chapter 13 plan, and which renders the debtors ineligible for Chapter 7.

Repayment of a retirement loan is considered to be an involuntary deduction for purposes of the means test calculation only if repayment of the loan is a requirement of the debtor's employment. See Ethington, 2009 WL1751431 at 2 (citing In re Turner, 376 B.R. 370 (Bankr. D.N.H. 2007); In re Barraza, 346 B.R. 724 (Bankr. N.D. Tex. 2006). If the only consequence of non-payment is that the debtor must recognize a taxable distribution, and there is no evidence that default will result in termination of the debtor's employment, then loan repayment is not an involuntary deduction. Id. at 2-3. At hearing, the debtors were unable to establish any basis for their contention that failure to adhere to the loan repayment terms would result in the loss of employment. Although Fidelity, the administrator for both retirement accounts, states that it is

---

[1] In the motion to dismiss, the BA argued that the deduction is only appropriate if the amount reimbursed is included as a source of income. Neither party addressed the daycare expense issue at hearing.

not possible to discontinue the payroll deduction until the loans are paid in full or employment is discontinued, the only enumerated consequence of default is the reporting of a taxable distribution. Furthermore, each of the loan agreements provide that the loan is secured by up to 50% of the vested account balance, and that Fidelity may offset the unpaid loan balance against any distributions from the account. The debtors testified that neither of their employers had indicated that termination would result from default, nor were they aware of any person whose nonpayment of a retirement loan resulted in the loss of employment.

Based on the foregoing, the court finds that the debtors' monthly disposable income exceeds the amount at which abuse is presumed under the means test, and thus that the debtors are ineligible for Chapter 7. The Bankruptcy Administrator's motion is GRANTED. The debtors must file the appropriate motion to either dismiss or convert to Chapter 7 within 20 days of the hearing on this matter.

**"END OF DOCUMENT"**